# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| GERMAN BARRAZA, and ADRIAN BOTELLO, on behalf of themselves and all other employees similarly situated, known and unknown, <br>     Plaintiffs, <br><br> v. <br><br> JAMES H. ZAPPIA, <br>     Defendant. | Cause No.: 2:09-CV-224-PRC |

## OPINION AND ORDER

This matter is before the Court pursuant to a telephonic hearing held by this Court on June 16, 2015. This matter was set for a bench trial to take place on June 16, 2015. However, on June 12, 2015, Plaintiffs' attorney filed a notice with the Court indicating that he had been attempting to contact Plaintiffs, but had been unable to locate them. He explained that Plaintiffs therefore could not proceed with their case-in-chief. Moreover, their disappearance made it impossible for him to approve a settlement agreement or other voluntary dismissal.

The Court vacated the trial and held the hearing mentioned in the first sentence of this Order. At the hearing, Plaintiffs' counsel explained that the last contact with Plaintiffs was in 2013 and that one of the Plaintiffs was likely in Mexico and that both could not be reached at their last known addresses.

Federal Rule of Civil Procedure 41(b) provides that if a "plaintiff fails to prosecute . . . a defendant may move to dismiss the action . . . ." Fed. R. Civ. P. 41(b). Defendant has not made a formal motion, but his attorney agreed at the hearing that dismissal under Rule 41(b) was appropriate. Typically, a warning is warranted before a case may be dismissed for failure to

prosecute. *See Fischer v. Cingular Wireless*, LLC, 446 F.3d 663, 665 (7th Cir. 2006). But this is not a hard-and-fast requirement. *Id.* And it seems that it wouldn't make a difference here since, despite his diligent efforts, Plaintiffs' attorney has not been able to track down Plaintiffs and there is nothing to suggest that a warning would even reach them, much less persuade them to participate in their case. As mentioned, Plaintiffs would not have made it to their own trial if their lawyer had not filed a notice with the Court. It bears mentioning, moreover, that Plaintiffs' claims of unpaid wages appear to rest on shaky legal ground as the parties have explained they were likely in the United States illegally during the relevant time period. *See Hoffman Plastic Compounds, Inc. v. N.L.R.B.*, 535 U.S. 137, 151 (2002).

In light of all this, the Court finds that Plaintiffs have failed to prosecute their case and **ORDERS** this case **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b). The Court **DIRECTS** the Clerk of Court to close this case.

SO ORDERED this 16th day of June, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT